**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOKAL, INC.,**

        **Plaintiff,**

-vs-                                         **Case No. 6:04-cv-254-Orl-31DAB**

**NELLY f/k/a Cornell Hayes, Jr. and**
**VOKAL CLOTHING COMPANY L.L.C.,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPORT AND AFFIDAVIT OF JUDITH FINELL (Doc. No. 69)**
>
> **FILED:**       **July 5, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Defendants do not dispute the fact that expert witness Judith Finell was not timely disclosed. As set forth in Plaintiff's motion, the Case Management and Scheduling Order required the Plaintiff to disclose its expert reports by March 1, 2005, and Defendants to disclose their expert reports by April 1, 2005. On February 24, 2005, Plaintiff filed an unopposed Motion to Enlarge Case Management Deadlines, requesting a two-week extension of the case management deadlines (Doc. No. 19). On March 4, 2005, the motion was granted, extending the deadlines to serve expert reports

from March 1 to March 15, 2005, for Plaintiff and from April 1 to April 15, 2005, for Defendants (Doc. No. 23).

Three days later, Plaintiff filed its motions to compel (Doc. Nos. 24 and 30), which the Court set for hearing, and ultimately granted, in part (Doc. No. 32). This was promptly followed by Plaintiff's filing of another motion to compel and for sanctions for not complying with the Court order regarding the first motions (Doc. No. 33). Another hearing was held, and the motion was eventually denied, as moot (Doc. Nos. 64 and 65).

Without Court intervention, the parties agreed on March 14, 2005, that each side would be permitted a 30 day extension of the deadline for service of expert reports. According to the papers, the parties agreed that Plaintiff would serve its expert report by April 14, 2005 (30 days after the Court-extended deadline of March 15, 2005) and Defendants would serve their expert reports by May 16, 2005 (May 15, 2005 being a Sunday) which was 30 days after the Court-extended deadline of April 15, 2005.

Plaintiff timely served its expert report of Brooke Wentz on April 4, 2005 and Defendants timely served the expert report of Robert L. Klein on May 9, 2005. Defendants', however, untimely served an additional expert report from Judith Finell ("Finell") on May 27, 2005, just five days prior to the deadline for summary judgment motions. Defendants have filed Ms. Finell's report and Affidavit in support of their motion for summary judgment (Doc. No. 50, Exhibit 8).[1] Plaintiff moves to strike the designation of Ms. Finell, and the Affidavit and report submitted, as untimely and unfair.

---

[1] Ms. Finell is a musicologist, and offers the opinions that the music of the group Vokal (Plaintiff) is not the same as the music of the hip-hop performer Nelly (Defendant), and the music performed by Vokal differs from the apparel line of Vokal Clothing Company, LLC (Defendant), with no likelihood of confusion between the two (Doc. No. 50, Exhibit 8).

The Federal Rules provide that a party that "without substantial justification" fails to disclose a witness or information is not, "unless such failure is harmless" permitted to use as evidence the undisclosed witness or information. Fed. R. Civ. P. 37(c)(1). The parties agree that the Court has discretion to exclude untimely submissions of expert reports. *See Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339 (11th Cir. 2004). Here, there is no question that the report of Ms. Finell was untimely. At issue is whether the belated disclosure was also harmless.

Defendants contend that they are justified in the late disclosure in that it was not until Plaintiff served its expert report of Brooke Wentz that Defendants determined the need to retain Ms. Finell. Defendants contend that they let Plaintiffs now of their intention before the deadline passed, and the report itself was tendered immediately upon completion. According to the Defendants' response brief, Defendants offered to tender Ms. Finell for deposition, but Plaintiff declined. Moreover, as the disclosure was "only 11 days late," there could be no unfair surprise or real prejudice. The Court is unmoved.

As is clear from the Affidavit and report from Ms. Finell, her opinions deal with the very heart of this trademark dispute issue. The Court does not see how Defendants, in good faith, can assert that they just realized that they would need an expert on the issues of similarity and likelihood of confusion. Moreover, while the disclosure was only 11 days late, it was just five days prior to the summary judgment motion deadline, and, in any event, after the discovery deadline. It is unrealsitic to suggest that Plaintiff could have deposed the witness and retained a rebuttal witness in such a short timeframe. The Court finds that Plaintiff was indeed prejudiced, with respect to the pending motion for summary judgment. On the other hand, trial is scheduled for November and there is time to cure the prejudice to Plaintiff, prior to trial, by allowing Plaintiff to depose Ms. Finell, at Defendants'

expense. That said, the appropriate remedy is to **STRIKE** the expert witness report (Exhibit 8) and references to Ms. Finell's opinions from the pending motion for summary judgment. Should Defendants wish to use Ms. Finell at trial, they must offer her for deposition at a time and place convenient to Plaintiff.

The motion is thus **granted, in part.** The Clerk is directed to strike the expert witness report, as detailed above, and same shall not be considered by the Court in resolving the motion for summary judgment.

> **MOTION:**    **MOTION TO REOPEN DISCOVERY (Doc. No. 70)**
>
> **FILED:**    **July 5, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 15, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record